CITY OF HUNTSVILLE,
Plaintiff–Appellant,

v.

CITY OF MADISON; Owens Crossroads, Town of; Gurley, Town of; New Hope, City of; Triana, Town of; Madison County; Marshall County, Defendants–Appellees.

No. 93–6554.

United States Court of Appeals, Eleventh Circuit.

June 29, 1994.

William W. Sanderson, Jr., Jeffrey T. Kelly, Huntsville, AL, for City of Madison, City of New Hope, Town of Triana, Town of Gurley.

G. Bartley Loftin, III, Huntsville, AL, for Town of Owens Crossroads.

Julian D. Butler, Fred L. Coffey, Jr., Huntsville, AL, for Madison County.

Before BLACK, Circuit Judge, FAY, Senior Circuit Judge, and GRAHAM *, District Judge.

BLACK, Circuit Judge:

This appeal requires us to determine whether the district court has federal question jurisdiction over the declaratory judgment action brought by the City of Huntsville, Alabama. Appellees, other Alabama local governments, had threatened to sue Huntsville for breach of contract as third-party beneficiaries to Huntsville's contract with the Tennessee Valley Authority (TVA). In the district court, Appellant Huntsville sought a declaration of its contractual rights and obligations to Appellees.

Huntsville contends that federal question jurisdiction exists under 28 U.S.C. § 1331 because a determination of its contractual rights and obligations turns on interpretation of a section of the federal statute governing the TVA. We hold that, in the absence of a private cause of action under the federal statute, interpretation of that statute as a necessary element of an otherwise state contract claim is not enough to permit exercise of federal question jurisdiction. Accordingly, we affirm the district court's order dismissing Huntsville's declaratory judgment action for lack of federal question jurisdiction.

I.

In 1980, Huntsville entered into a twenty-year contract with the TVA to purchase excess TVA-generated power for resale to

Peter S. Joffrion, Michael L. Fees, William F. Patty, Huntsville, AL, for appellant.

* Honorable Donald L. Graham, U.S. District Judge for the Southern District of Florida, sitting by designation.

Huntsville's residents and the residents of the Appellee local governments.[1] Under the contract, Huntsville is permitted to deposit into its general fund an amount "in lieu of taxes," i.e., tax equivalent payments (TEP), from the electrical system revenues.[2] The TEP are only to be deposited if funds are left after the electrical system revenues have been used to pay operating expenses and interest, and to establish a reserve fund for the electrical system. The contract requires the TEP to represent the fair share of the cost of government properly borne by Huntsville and caps them at a maximum amount based on a prescribed formula. The contract also provides that Huntsville is responsible for distributing the TEP to the localities in which it operates as required by law or as it deems appropriate under § 13 of the TVA Act.

The first three paragraphs of § 13 of the TVA Act authorize TVA to make payments in lieu of taxation to states and counties in which it has acquired property that had been subjected to state and local taxation. The fourth paragraph, the crux of Huntsville's claim, reads:

Nothing herein shall be construed to limit the authority of the [TVA] in its contracts for the sale of power to municipalities, to permit or provide for the resale of power at rates which may include an amount to cover tax-equivalent payments to the municipality in lieu of State, county, and municipal taxes upon any distribution system or property owned by the municipality, or any agency thereof, conditioned upon a proper distribution by the munici-

pality of any amounts collected by it in lieu of State or county taxes upon any such distribution system or property; it being the intention of Congress that either the municipality or the State in which the municipality is situated shall provide for the proper distribution to the State and county of any portion of tax equivalent so collected by the municipality in lieu of State or county taxes upon any such distribution system or property.

16 U.S.C. § 831*l*.

Huntsville supplies TVA-purchased electricity to local governments through Huntsville Utilities and has been depositing the TEP from Huntsville Utilities' revenues into its general fund. Huntsville does not redistribute any portion of the TEP to any of the local governments in which Huntsville Utilities operates.

By filing the underlying declaratory judgment action, Huntsville preempted the threatened suit by one of the local governments to force Huntsville to distribute a portion of the TEP funds to the local governments serviced by Huntsville Utilities.

## II.

■■■ Federal district courts have original jurisdiction of all civil actions that arise under the Constitution or laws of the United States. 28 U.S.C. § 1331. Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution, see *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or a federal cause of

1. The TVA Act of 1933, 16 U.S.C. § 831 *et seq.*, permits the TVA to contract to sell its surplus power and to include in the contracts such terms and conditions it deems necessary to carry out the purposes of the Act. 16 U.S.C. § 831i.

2. Section 2 of the *Schedule of Terms and Conditions*, entitled "Payments of or in Lieu of Taxes," and incorporated in the Huntsville–TVA contract, provides in relevant part:
   (a) To the extent revenues are available after the satisfaction of all items set forth [in earlier paragraphs] of the contract of which these Terms and Conditions are a part, [Huntsville] may take each year from the electric system, in lieu of taxes, an amount representing the fair share of the cost of government properly to be

borne that year by its electric system, not to exceed a maximum amount ... calculated by applying the prevailing municipal, county and State property tax rates to the depreciated original cost of tangible property used in electric operations within the respective taxing jurisdictions....
(b) It shall be the responsibility of [Huntsville] to provide for such distribution as may be required by law or as it deems appropriate under the provisions of Section 13 of the TVA Act to the State, counties and any other municipal corporations in which it operates of any tax equivalents so collected by [Huntsville] in lieu of State, county and other municipal taxes....

action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986).[3] In limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

This case does not present a constitutional cause of action; nor did Congress expressly create a private cause of action under § 13 of the TVA Act. Moreover, Huntsville does not contend that § 13 contains an implied private remedy permitting it to sue directly under the statute. *See Merrell Dow*, 478 U.S. at 809 n. 6, 106 S.Ct. at 3233 n. 6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). · Instead, Huntsville asserts that federal question jurisdiction exists under the TVA Act as applied to its contract with the TVA. That is, Huntsville contends that federal question jurisdiction exists because interpretation of § 13 of the TVA Act is pivotal to the dispute between it and Appellees.

### III.

It has long been recognized that a declaratory judgment plaintiff such as

Huntsville may only claim federal question jurisdiction if the anticipated lawsuit by the declaratory judgment defendant, in this case Appellee local governments, arises under federal law. *See Franchise Tax Bd.*, 463 U.S. at 18 & n. 19, 103 S.Ct. at 2851 & n. 19 (citing dictum from *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 246–48, 73 S.Ct. 236, 242–43, 97 L.Ed. 291 (1952)). Whether federal question jurisdiction may be exercised over Huntsville's action, then, turns in part on what cause of action its declaratory judgment complaint has displaced.

A declaratory judgment action must satisfy the well-pleaded complaint rule[4] and show that the "displaced coercive action"—the declaratory judgment defendant's coercive action being displaced by the declaratory judgment suit—is created by federal law or necessarily depends on resolution of a substantial, disputed question of federal law. *See id.* at 8–18 & n. 19, 103 S.Ct. at 2846–51 & n. 19; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); *see also McDougald v. Jenson*, 786 F.2d 1465, 1476 (11th Cir.) (for a declaratory judgment action, apply the well-pleaded complaint rule to the displaced coercive action), *cert. denied*, 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986).

In the absence of a federal cause of action under § 13 of the TVA Act, Appellee

---

**3.** Federal common law articulated in rules fashioned by federal court decisions are also "laws" under § 1331. *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 850, 105 S.Ct. 2447, 2451, 85 L.Ed.2d 818 (1985). Federal common law may be necessary "in a few and restricted instances," *City of Milwaukee v. Illinois & Mich.*, 451 U.S. 304, 312, 101 S.Ct. 1784, 1790, 68 L.Ed.2d 114 (1981), but only when Congress has not spoken to a particular issue, *id.* at 312–15, 101 S.Ct. at 1790–92. In this case, of course, Congress has spoken to the issue, even if perhaps ambiguously.

Federal common law may govern a state claim based on a contract with the United States, which was entered into under authority of a federal statute, if a uniform national rule is necessary to further the interests of the federal government. *Miree v. DeKalb County*, 433 U.S. 25, 27, 97 S.Ct. 2490, 2493, 53 L.Ed.2d 557 (1977). Federal common law is inapplicable in cases where its use would not promote a federal interest. *See id.* at 27–31, 97 S.Ct. at 2493–95. We agree with the district court that there is no

federal interest under § 13 of the TVA Act that requires a uniform national rule. *See infra* part IV.B.; *City of Tullahoma v. Coffee County*, 328 F.2d 683 (6th Cir.1964) (the TVA has no duty regarding distribution of TEP), *cert. denied*, 379 U.S. 989, 85 S.Ct. 698, 13 L.Ed.2d 609 (1965). In this case, as in *Miree*, resolution of the state contract claim will have no direct effect upon the TVA. *See Miree*, 433 U.S. at 29, 97 S.Ct. at 2494. Consequently, this case does not permit development of federal common law.

**4.** Federal question jurisdiction must be determined by reference to the well-pleaded complaint rule. Under that rule, the federal basis for jurisdiction must show on the face of the plaintiff's complaint. *See, e.g., Merrell Dow*, 478 U.S. at 807, 106 S.Ct. at 3232; *Franchise Tax Bd.*, 463 U.S. at 8–12, 103 S.Ct. at 2846–48. An anticipated federal defense to a state law cause of action does not confer original or removal federal question jurisdiction. *E.g., Franchise Tax Bd.*, 463 U.S. at 8 & n. 9, 12, 103 S.Ct. at 2846 & n. 9, 2848.

local governments could only sue Huntsville through a state contract claim as third-party beneficiaries to the Huntsville–TVA contract. Their complaint would allege in part that Huntsville is violating state law by refusing to distribute a portion of the TEP it collects. See *infra* part IV and note 7. Because the contract is written in the disjunctive, however, *see supra* note 2, the contract claim would also involve interpretation of federal law: whether Huntsville is in breach of its contract with TVA because its actions are not in accord with § 13 of the TVA Act.[5] Accordingly, Huntsville's declaratory judgment complaint displaces a coercive state law action that would involve interpretation of a federal statute.

This case falls squarely within the "litigation-provoking problem" of whether federal question jurisdiction lies when a federal issue is involved in a state cause of action. *Merrell Dow,* 478 U.S. at 809, 106 S.Ct. at 3233; *see also Franchise Tax Bd.,* 463 U.S. at 8, 103 S.Ct. at 2846. This Court must therefore determine whether, even though there is no federal cause of action, federal question jurisdiction is conferred by the necessity to interpret § 13 of the TVA Act as an element of the state contract action. *See Merrell Dow,* 478 U.S. at 811–15, 106 S.Ct. at 3234–36.[6]

## IV.

The Huntsville–TVA contract states that Huntsville is responsible for TEP distribution as may be required by law or as it deems appropriate under § 13 of the TVA Act. See *supra* note 2. An Alabama Supreme Court decision seemingly would require Huntsville to distribute a portion of the TEP funds. *See North Courtland v. Courtland,* 597 So.2d 1336 (Ala.1992).[7] To determine the propriety of Huntsville's actions, therefore, either the federal district court or a state court must both interpret the Huntsville–TVA contract and determine Congressional intent regarding TEP distributions as embodied in § 13 of the TVA Act. For the following reasons, we conclude that the federal district court is not the proper court to undertake that task.

### A.

In *Merrell Dow,* the Supreme Court addressed the question of whether, in the absence of a federal cause of action created by a private remedy for violation of a federal statute, federal question jurisdiction may nevertheless be exerted over a state claim

---

5. Appellees, as Plaintiffs in state court, may not omit pleading necessary issues of federal law in their complaint in order to force Huntsville to raise the federal statute in the posture of a federal defense to their state contract action. Cf. *Franchise Tax Bd.,* 463 U.S. at 22, 103 S.Ct. at 2853 (noting that "an independent corollary of the well-pleaded complaint rule [is] that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint"). The well-pleaded complaint rule applies to both original and removal federal jurisdiction. *Id.* at 10 n. 9, 103 S.Ct. at 2847 n. 9. Accordingly, the TVA Act is not merely Huntsville's defense to a state contract claim and its complaint does not fail the well-pleaded complaint rule on that basis.

6. We are aware that in *Tullahoma* the Sixth Circuit exercised jurisdiction to interpret § 13 of the TVA Act. 328 F.2d at 683. There, it held that Congress meant for the TVA to have no duty regarding the distribution of TEP funds, which would be determined by local law. *Id.* at 687–90. The mere fact of the Sixth Circuit's exercise of jurisdiction does not inform our analysis, however, for two reasons. First, the opinion does not broach the question of federal question jurisdiction. This is likely due to the second reason,

which is that *Tullahoma* was decided long before the Supreme Court's development of the framework for determining whether a private cause of action exists and that doctrine's impact on federal question jurisdiction. *See Merrell Dow,* 478 U.S. at 809 & nn. 7 & 8, 106 S.Ct. at 3233 & nn. 7 & 8. Because we hold that there is no federal question jurisdiction, we do not usurp the state court's role by reaching the merits of the declaratory judgment complaint: interpretation of the Huntsville–TVA contract and of § 13 of the TVA Act.

7. The parties have not identified an Alabama statute requiring a municipality to redistribute the TEP to other local governments, nor have we located such a statute. The Alabama Supreme Court in *North Courtland* adopted the rationale of the Tennessee Supreme Court in *Rutherford County v. City of Murfreesboro,* 205 Tenn. 362, 326 S.W.2d 653, *cert. denied,* 361 U.S. 919, 80 S.Ct. 257, 4 L.Ed.2d 187 (1959). In *Tullahoma,* the Sixth Circuit refused to follow *Rutherford County* because the Tennessee Supreme Court opinion did not have the benefit of legislative history, administrative interpretation, and the TVA's operational reports to Congress. *See Tullahoma,* 328 F.2d at 692.

incorporating that federal statute. There, the Court concluded that if Congress did not create a private remedy for violation of the federal statute, interpretation or application of that federal statute in order to determine the merits of a state claim is insufficient to confer federal question jurisdiction. *Id.* at 811–13, 106 S.Ct. at 3234–35. "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817, 106 S.Ct. at 3237; *see also Roecker v. United States,* 379 F.2d 400, 407–08 (5th Cir.) (a claim that depends on state law which has been incorporated into a federal statutory program does not arise under the laws of the United States), *cert. denied,* 389 U.S. 1005, 88 S.Ct. 563, 19 L.Ed.2d 600 (1967).

This case falls squarely within that dictate. Interpretation of § 13 of the TVA Act, necessary to settle the state contract claim between Huntsville and Appellees, is on its own not enough to confer federal question jurisdiction over Huntsville's declaratory judgment complaint. *Merrell Dow,* 478 U.S. at 817, 106 S.Ct. at 3237; *see also Franchise Tax Bd.,* 463 U.S. at 2, 103 S.Ct. at 2843; *Skelly Oil,* 339 U.S. at 671, 70 S.Ct. at 879.

### B.

The language of *Merrell Dow* quoted above could be read as a bright-line rule establishing that federal courts simply should not exercise federal question jurisdiction where a federal statute without a private remedy is incorporated in a state cause of action. *See id.* at 817, 106 S.Ct. at 3237. Such a *per se* rule would eviscerate *Franchise Tax Board*'s continuing recognition of federal question jurisdiction when a substantial, disputed question of federal law is a necessary element of a state claim, *Franchise Tax Bd.,* 463 U.S. at 12, 103 S.Ct. at 2848, because that road to federal question jurisdiction is only traveled when a party has neither a constitutional claim nor a federal cause of action created by a private remedy for violation of the federal statute, *see id.;*

*Merrell Dow,* 478 U.S. at 807–09, 106 S.Ct. at 3232–33.

According to the Court, a Congressional decision to preclude a federal private remedy "is tantamount" to a Congressional conclusion that a claimed violation of that statute does not present a federal interest substantial enough to confer federal question jurisdiction. *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. at 3235; *see also id.* at 811 & n. 10, 813 & n. 12, 106 S.Ct. at 3234 & n. 10, 3235 & n. 12; *id.* at 817–30, 106 S.Ct. at 3237–44 (Brennan, J., dissenting). Nonetheless, the Supreme Court did not expressly retreat from *Franchise Tax Board* in *Merrell Dow,* and we are unwilling to read *Merrell Dow* so broadly as to do what the Supreme Court did not expressly do. We conclude that it will be only the exceptional federal statute that does not provide for a private remedy but still raises a federal question substantial enough to confer federal question jurisdiction when it is an element of a state cause of action. *See Merrell Dow,* 478 U.S. at 811–17, 106 S.Ct. at 3234–37; *Franchise Tax Bd.,* 463 U.S. at 12, 22–27, 103 S.Ct. at 2848, 2853–56 (holding that the California Franchise Tax Board's claims requiring construction of ERISA and/or an adjudication of its preemptive effects and constitutionality, where ERISA's private cause of action accrued only to certain parties not including a state, did not turn on a substantial question of federal law).

Section 13 of the TVA Act is not that rare statute. See *supra* notes 3 and 7. We conclude that, in the absence of a private remedy, the necessity to interpret § 13 of the TVA Act does not present a substantial question of federal law that would confer federal question jurisdiction over the displaced state contract action.

### V.

We hold that Huntsville's declaratory judgment complaint, which displaces a state contract claim that requires interpretation of a federal statute without a private remedy, does not arise under the laws of the United States. Accordingly, the district court prop-

erly refused to exercise federal question jurisdiction and its order is

AFFIRMED.