[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-9153

_____

D. C. Docket No. 1:96-cv-1987-JEC

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/16/98
THOMAS K. KAHN
CLERK

VIMAL JAIRATH

Plaintiff-Appellant,

versus

WALLACE K. DYER, DR., M.D.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 16, 1998)**

Before ANDERSON and BIRCH, Circuit Judges, and PAINE*, Senior District Judge.

ANDERSON, Circuit Judge:

_____
* Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

This appeal requires this court to determine whether the district court has subject-matter jurisdiction over a discrimination claim brought by a person who was denied medical assistance. Vimal Jairath ("Jairath") brought suit pursuant to O.C.G.A. § 51-1-6, for damages based upon a breach of a duty created under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12182(a). The defendant, Dr. Wallace K. Dyer, asserting that the case involved a substantial question of federal law, filed a notice of removal in federal court. Following the district court's denial of Jairath's motion for remand, defendant moved for summary judgment which the district court granted. Jairath appeals both the district court's denial of his motion for remand and the granting of defendant's motion for summary judgment. We determine that, in light of the Supreme Court's decision in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.E.2d 650 (1986), the district court lacked subject-matter jurisdiction over this case because Jairath's claims do not "arise under" federal law. See 28 U.S.C. § 1331.

I. BACKGROUND AND COURSE OF PROCEEDINGS

In March 1996, Jairath went to defendant's office to have a Gore-Tex implant procedure performed on his face. Jairath, who is HIV positive, wanted the implants because the effects of his HIV status had made his face appear "thin and gaunt." Fearing that his appearance created a "badge" of the HIV virus, he sought the procedure to return his face to a more normal, healthy state.

After learning that Jairath was HIV positive, defendant refused to perform the implant procedure. Defendant stated in his deposition that his decision not to consult with Jairath

2

concerning the procedure was premised on the fact that Jairath was HIV positive, which, according to defendant, increased the risk of infection and made the procedure inadvisable in light of its cosmetic purpose.

Jairath filed a complaint in the Superior Court of Fulton County, Georgia on July 3, 1996. Jairath filed a suit for damages pursuant to O.C.G.A. § 51-1-6. Section 51-1-6 states:

When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

The ADA created the duty which served as the basis for Jairath's state law claim.[1] Defendant removed the action, 28 U.S.C. § 1441(a), from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia.[2] Plaintiff

---

[1] The ADA prohibits discrimination against persons with a disability in the receipt of services in places of public accommodation. The ADA states:
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
42 U.S.C. § 12182(a).

[2] 28 U.S.C. § 1441(a) states:
Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

then filed a motion for remand pursuant to 28 U.S.C. § 1447(c).  Determining that the federal interest inherent in Jairath's state law claim was substantial, the district court denied Jairath's motion for remand on December 16, 1996.  The district court determined that its decision was not undercut by the Supreme Court's holding in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.E.2d 650 (1986).

Following discovery, defendant moved for summary judgment presenting several grounds which, defendant argued, entitled him to judgment on the merits.  Accepting defendant's position on each alternative ground, the district court granted summary judgment on the merits for defendant.  Because we conclude that the district court lacked subject matter jurisdiction over this case, we address only that issue.  We vacate the judgment of the district court, and remand with instructions to grant Jairath's motion to remand to state court.[3]

II.  DISCUSSION

We review de novo the district court's denial of the plaintiff's motion to remand, as it involves a question of subject-matter jurisdiction.  Pacheco De Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Federal courts have original jurisdiction of all civil actions that arise under the Constitution or laws of the United States.  28 U.S.C. § 1331.  Such federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute.  City of Huntsville v.

_____

[3] Because the district court lacked jurisdiction, we also vacate its judgment on the merits.

4

City of Madison, 24 F.3d 169, 171-72 (11th Cir. 1994).  Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action.  Id. at 173-74 (analyzing the relevant Supreme Court cases, including Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1998)).  The same analysis of the federal-question jurisdiction issue is relevant in the removal context of the instant case.  Merrell Dow, 478 U.S. at 808, 106 S.Ct. at 3232.[4]

In the instant case, Jairath does not assert a cause of action created by federal law.  Rather, he asserts a state law cause of action for damages pursuant to O.C.G.A. § 51-1-6.  Defendant asserts that a substantial federal question exists because federal law, namely, the ADA, creates the duty which Jairath claims has been violated.[5]  Thus, the instant case does not fall within the vast majority of federal question cases involving the assertion of a federally created cause of action.  Rather, we must determine whether the instant case fits within that more limited category of cases where federal-question jurisdiction may also be available if a substantial question of federal law is a necessary element of a state law cause of action.

---

[4]    Federal-question jurisdiction is determined by reference to the "well-pleaded complaint" rule.  Merrell Dow, 478 U.S. at 808, 106 S.Ct. at 3232.  However, the parties in this case raise no issue requiring discussion of the "well-pleaded complaint" rule.

[5]    Jairath asserts that state law, O.C.G.A. § 51-1-6, creates a cause of action for damages for breach of the federally created duty not to discriminate on account of a disability.

The Supreme Court has most recently addressed this issue in <u>Merrell Dow</u>. There, the plaintiffs alleged, <u>inter alia</u>, that the defendant drug company was negligent, and that its violation of the federal Food, Drug and Cosmetic Act ("FDCA") constituted a rebuttable presumption of negligence. The violation alleged by plaintiff was that the drug company had misbranded its product, and provided inadequate warning that its use was potentially dangerous. Thus, violation of the federal law was an element of the state law claim.

The Court acknowledged its prior statement in <u>Franchise Tax Board</u>[6] – "that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" <u>Merrell Dow</u>, 478 U.S. at 808-09, 106 S.Ct. at 3232 (quoting <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9, 103 S.Ct. 2841, 2846 (1983)). However, the Court said that that statement must be "read with caution," <u>Merrell Dow</u>, 478 U.S. at 809, 106 S.Ct. at 3232; that "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system," <u>id.</u> at 3233; that there was a "need for prudence and restraint in the jurisdictional inquiry," <u>id.</u>; that the fact that a federal issue was an element of a state law claim did not "automatically confer federal-question jurisdiction," <u>id.</u> at 3234, but rather, that the analysis must entail "careful judgments about the exercise of federal judicial power." <u>Id.</u> at 3235.

---

[6] <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 103 S.Ct. 2841 (1983).

In Merrell Dow, the Court focused on the fact that Congress had not created a private remedy for violation of the federal duty with respect to misbranding. The Court placed great significance on the congressional intention not to provide a private federal remedy. The Court stated:

> [I]t would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

Id. at 3234 (footnotes omitted). The Court continued:

> Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. ... We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

Id. at 3235.

We believe that Merrell Dow supports the conclusion in this case that the district court did not have subject matter jurisdiction over Jairath's cause of action seeking damages under state law. In the instant case, as in Merrell Dow, Congress chose not to provide the damages remedy which Jairath seeks. Although a private right of action for injunctive relief does

7

exist under the ADA, it is uncontested that there is no private right of action for damages.[7]

However, Jairath could not pursue injunctive relief under the ADA because he does not have

standing to pursue such an action.[8]

The instant case is closely analogous to <u>Merrell Dow</u>.  There, the Supreme Court

found no federal-question jurisdiction where a state law cause of action incorporated as an

element proof of the violation of a federal duty (i.e., not to misbrand), but where there was

no private cause of action with respect to the federal duty.  The instant case is like <u>Merrell</u>

---

[7]     All parties in this case agree that, had Jairath brought a claim under Title III of the ADA, he could only have pursued a claim for injunctive relief, because monetary damages are only available if the civil action is initiated by the Attorney General.  <u>See</u> 42 U.S.C. §§ 12188(a)(2) &  12188(b)(2)(B).

[8]     The test for standing requires that: (1) there is an injury in fact, (2) the injury was caused by the defendant's conduct, and (3) the injury is capable of being redressed by a favorable ruling.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992).

After defendant refused to treat Jairath, Jairath sought and received the implant procedure from another doctor.  It is undisputed that Jairath has no intention of seeking further medical advice or treatment from defendant; and therefore, there is no likelihood that defendant in the future will refuse to treat Jairath.  Under such circumstances, an injunction against defendant will not lie.  <u>See</u> <u>Hoepl v. Barlow</u>, 906 F.Supp. 317, 320-21 (E.D. Va. 1995) (holding that a woman who sought injunctive relief against a physician under § 12101 of the ADA could not show a substantial likelihood that she would suffer an injury again in the future, because she lived in a different state and no real possibility existed that she would come in contact with the defendant again in the future).  The only remedy available under the ADA, an injunction, is not available to Jairath.  There is no remedy under the ADA for defendant's past act of refusing treatment.  Thus, Jairath's injury is not capable of being redressed by any remedy available to Jairath under the ADA; and accordingly, he has no standing to pursue a cause of action created by the ADA. Incidentally, the question of whether the plaintiff has standing under O.C.G.A. § 51-1-6 to pursue a claim for damages is an entirely different issue from the question of whether Jairath has standing to pursue a claim for an injunction under the federal statute.  We do not reach the issue of whether Jairath has standing to pursue his cause of action under the state statute.

Dow in that the instant state law cause of action incorporates as an element proof of a violation of a federal duty (i.e., the duty not to discriminate because of a disability). It is like Merrell Dow in that Jairath seeks a private damages remedy which is not available under the federal statute. This case is different from Merrell Dow in that a private cause of action under the ADA is available as an abstract matter.[9] However, this particular plaintiff, Jairath, has no standing to pursue the only federal private cause of action available under the ADA (i.e., for injunctive relief); and thus, Jairath's position is very similar to that of the plaintiff in Merrell Dow.

As indicated in Merrell Dow, we approach the instant issue of federal-question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." Merrell Dow, 478 U.S. at 810, 106 S.Ct. at 3233. We conclude that the congressional intent not to provide a private damages remedy for this kind of ADA violation is, in the instant case, just as it was in Merrell Dow, "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 814, 106 S.Ct. at 3235.[10]

---

[9]  However, this difference between the two cases is undermined to some extent by the fact that there was a cause of action for violation of the federal duty at issue in Merrell Dow. The government could enforce the duty not to misbrand. See 21 U.S.C. § 337. Thus, this case is like Merrell Dow in that in both cases the particular plaintiff has no federal cause of action to enforce the federal duty, but some other plaintiff may have.

[10]  In this circuit, the absence of a private cause of action does not per se dictate that there is no federal-question jurisdiction when a federal duty is incorporated as an element of a state cause of action. City of Huntsville, 24 F.3d at 174. See also Ormet Corp. v. Ohio Power

9

For the foregoing reasons,[11] we conclude that the district court erred in denying

Jairath's motion to remand this case to state court. Therefore, we vacate the judgment of the

district court and remand with instructions to grant Jairath's motion to remand to state court.

VACATED AND REMANDED.

---

Co., 98 F.3d 799 (4ᵗʰ Cir. 1996) (finding federal-question jurisdiction, primarily on the basis of the need for uniformity, where a state law cause of action incorporated as an element the violation of a federal statute relating to the proper apportionment and ownership of emission allowances under the Clean Water Act). However, we held in the City of Huntsville that "it will be only the exceptional federal statute that does not provide for a private remedy but still raises a federal question substantial enough to confer federal question jurisdiction when it is an element of a state cause of action." Id. at 174. Defendant has pointed to nothing to indicate that the instant case should rise to that exceptional level. We find no such exceptional status. For example, we see no greater need for uniformity in this case than that rejected by the Supreme Court in Merrell Dow. 478 U.S. at 815-16, 106 S.Ct. at 3236.

[11] Defendant Dyer also argues that the instant case is distinguishable from Merrell Dow because there the plaintiff alleged several state law causes of action which could yield the relief sought, only one of which was a federally-related count. In this case, defendant argues, there is only the single, federally-related count. A similar argument was expressly rejected by the Court in Merrell Dow. See id. at 817 n.15, 106 S.Ct. at 3236 n.15. Defendant also argues that the instant case is different because the violation of the federal statute is a necessary element of the state cause. This argument was implicitly rejected in Merrell Dow. Id. at 813-14, 106 S.Ct. at 3234-35 (rejecting the argument that a question of federal law as a necessary element of a state law cause of action automatically conferred federal-question jurisdiction). Accord City of Huntsville, 24 F.3d at 174 (finding no federal-question jurisdiction notwithstanding that "[i]nterpretation of § 13 of the TVA [was] necessary to settle the state contract claim.") .

10