[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12027
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-22684-MGC

JOHN CHRISTOPHER BERKERY,

Plaintiff-Appellant,

versus

DOCTOR LEE D. KAPLAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 10, 2013)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

John Berkery, proceeding pro se, appeals the district court's sua sponte

dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on

which relief may be granted, of his civil complaint brought under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Rehabilitation Act of 1973 ("RA") § 504, as amended, 29 U.S.C. § 794. Berkery argues that the district court erred in finding that there was no private right of action for damages or individual capacity liability under the ADA or the RA.[1]

Berkery's complaint alleged that, as a veteran, he sought treatment for a torn rotator cuff at the Bureau of Veterans Affairs ("VA") Medical Center and was referred to Dr. Lee Kaplan, a private surgeon working at the University of Miami Hospital. After the VA sent Berkery's medical records to Dr. Kaplan, Dr. Kaplan notified Berkery that he would not perform the surgery, citing Berkery's substance abuse. Another surgeon later performed the surgery. Berkery alleged that Dr. Kaplan's refusal to treat him stemmed from discrimination based on Berkery's bipolar condition, thereby violating Title III of the ADA and the RA, and sought monetary damages as his sole form of relief.

---

[1] Berkery also contends that the district court erred in dismissing claims brought under state law. However, because Berkery's notice of appeal specifically limited his appeal to the district court's dismissal of his claims under Title II of the ADA and the RA, and explicitly stated that he withdrew his state law claims, we dismiss Berkery's appeal regarding his state law claims for want of jurisdiction. See Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987), affirmed, 489 U.S. 169 (1989) ("[W]e will not expand [a notice of appeal] to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the notice.").

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of an in forma pauperis complaint for failure to state a claim on which relief may be granted. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), mindful that pro se pleadings must be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court properly dismissed Berkery's claim under Title III of the ADA because, as this Court has noted, "there is no private right of action for money damages" under Title III, which provides for money damages only where the civil action is initiated by the Attorney General. Jairath v. Dyer, 154 F.3d 1280, 1283 and n.7 (1998). We have further noted that a plaintiff in Berkery's position, who has already received the refused medical treatment from another doctor, lacks standing to assert a claim for injunctive relief under Title III. Id. at 1283 n.8 (explaining that because the plaintiff already received the refused medical procedure from another doctor there was "no remedy under the ADA for defendant's past act of refusing treatment" and therefore the plaintiff lacked standing under the ADA).

3

The district court also properly dismissed Berkery's claim under the RA because his complaint did not allege any violation under that act.  The RA states, in relevant part, that, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  However, Dr. Kaplan's medical services are not a "program or activity" as that term is defined under the act, id. § 794(b), nor does the act provide for individual liability.[2]  See, e.g., Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (explaining that § 504 of the RA does not provide for individual capacity suits).

Consequently, the order of the district court is **AFFIRMED IN PART**, and the remainder of Berkery's appeal is **DISMISSED**.

---

[2] Berkery also contends that the district court erred in dismissing his claims under the ADA and RA with prejudice.  However, as he raises this argument for the first time in his reply brief, we consider this claim abandoned and do not consider it.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (deeming as abandoned issues that a pro se litigant raises for the first time in a reply brief).