[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11819
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cv-01696-EAK-MAP

WALTER LICHTENBERG,

Plaintiff-Appellant,

versus

SECRETARY OF THE NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 29, 2015)

Before MARCUS, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Walter Lichtenberg, proceeding pro se, appeals the district court's order dismissing his complaint, alleging violations of 18 U.S.C. § 1001 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961

et. seq., based on his claim that he had been denied "retirement points" that should have entitled him to a certain cash award at the time of his retirement. The district court dismissed his complaint for lack of subject matter jurisdiction. On appeal, Lichtenberg argues that the concept of sovereign immunity did not apply to his case. After thorough review, we affirm.

We review <u>de novo</u> questions concerning the subject matter jurisdiction of the district court. <u>Bishop v. Reno</u>, 210 F.3d 1295, 1298 (11th Cir. 2000). We also construe <u>pro se</u> pleadings liberally. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003). Nevertheless, if a party does not brief a legal claim or argument, it is deemed abandoned and its merits will not be addressed. <u>Access Now, Inc. v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1330 (11th Cir. 2004).

Federal courts are limited in their jurisdiction to the power conferred by the Constitution and federal statutes, and the party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction. <u>Bishop</u>, 210 F.3d at 1298. Jurisdiction may be based on a civil action alleging a violation of the United States Constitution, or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute. <u>City of Huntsville v. City of Madison</u>, 24 F.3d 169, 171-72 (11th Cir. 1994). If the district court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Further, the United States is

2

immune from suit unless it consents to be sued.  Zelaya v. United States, 781 F.3d 1315, 1321 (11th Cir. 2015).  If there is no specific waiver of sovereign immunity as to a particular claim, the district court lacks subject matter jurisdiction over the suit.  Id. at 1322.

Section 1001 of Title 18 of the U.S. Code is a criminal statute prohibiting knowingly making false or fraudulent statements or concealing information in a matter within federal jurisdiction.  18 U.S.C. § 1001.  It does not provide a civil cause of action.  See id.  However, RICO provides a civil cause of action and grants jurisdiction to the district courts to hear those claims.  18 U.S.C. §1964.

Here, even construing Lichtenberg's pleadings liberally, he has not fully briefed the relevant issue on appeal, since he has cited no legal authority to support his proposition that sovereign immunity did not apply.  But even if we were to examine the merits of the district court's dismissal, we would conclude that the district court correctly dismissed Lichtenberg's complaint for lack of subject matter jurisdiction.  First, 18 U.S.C. § 1001 does not provide a civil cause of action, and therefore, the district court could not have had jurisdiction over his claim.  Second, while RICO provides a civil cause of action, Lichtenberg has not shown that the United States specifically waived its sovereign immunity for that claim.  Thus, none of the statutes he relied on provided the court with jurisdiction.

3

Finally, Lichtenberg's claim that the district court's dismissal conflicted with its order from January 5, 2015 -- which granted Lichtenberg additional time to properly serve the Navy with his complaint -- lacks merit.  The January order was not relevant to the dismissal order, nor did it conflict with the order, since the court had the authority to dismiss Lichtenberg's complaint if it determined -- as it did -- that it lacked subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3).

**AFFIRMED**.