[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15053
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-03142-TWT

KEITH THOMAS,

Plaintiff - Appellant,

versus

MURPHY OIL CORPORATION,
a.k.a. Murphy Oil USA, Inc.,
UNKNOWN EMPLOYEE OF MURPHY OIL USA, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 13, 2019)

Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Keith Thomas, a non-prisoner litigant proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil action against Defendants Murphy Oil Corp. ("Murphy") and an unknown Murphy employee. The district court dismissed sua sponte Plaintiff's complaint -- pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) -- for failure to state a claim.  Plaintiff also appeals the district court's denial of Plaintiff's motion for reconsideration or for leave to amend his complaint.  No reversible error has been shown; we affirm.

This case arises out of Plaintiff's visit to a Murphy-owned gas station in June 2018.  Plaintiff alleges he is an African-American. Plaintiff alleges that, as he exited his car, a Murphy employee holding a water hose "attempted to spray water on and at plaintiff for unknown reasons."  Plaintiff -- who is a regular patient at the Veterans Administration Hospital's Eye Clinic -- feared that an "unknown contaminant" could splash into his eyes.  Plaintiff asked the Murphy employee if he should move to another pump.  In response, the employee "immediately began hurling foul obscenities at plaintiff, cussing him out and became belligerent." When Plaintiff then attempted to photograph the Murphy employee, the employee threatened to call the police.  Plaintiff left the premises.

2

Immediately thereafter, Plaintiff called Murphy's corporate customer-complaint line to report the incident.  A District Supervisor later contacted Plaintiff and told Plaintiff that the employee had acted within the company's standard operating procedures.  The District Supervisor also said that the employee felt threatened when Plaintiff took a photograph of her and was "within her rights to call the police."

Plaintiff filed this civil action the next day.  Construed liberally, Plaintiff purports to assert against Defendants claims for (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and (2) racial discrimination in public accommodation, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a.[1]  As relief, Plaintiff sought "monetary, statutory, and punitive damages" of $25 million.

---

[1] Plaintiff's complaint also purported to assert against Defendants claims for harassment under 18 U.S.C. § 2261(a), and for violation of Plaintiff's "right to life, liberty, and the pursuit of

3

The district court dismissed without prejudice Plaintiff's complaint for failure to state a claim. The district court explained that Plaintiff failed "to allege any facts plausibly showing that race or disability motivated his mistreatment. In fact, he says that the reasons for his mistreatment are unknown."

Plaintiff filed a motion for reconsideration or, in the alternative, for leave to amend his complaint. Plaintiff asserted that he could present plausible evidence that he had a disability (an eye condition), that the Murphy employee called the police, and that Defendants' mistreatment of Plaintiff and of other members of the public was "solely motivated by race."

The district court denied Plaintiff's motion for reconsideration, concluding that Plaintiff had failed to demonstrate a clear error of law. The district court also denied as futile Plaintiff's motion for leave to amend his complaint.

We review de novo a district court's sua sponte dismissal under section 1915(e)(2)(B)(ii). Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017). We construe liberally pro se pleadings. Id. "[W]e may affirm on any

---

happiness." Because Plaintiff's complaint alleged no facts to support a claim under section 2261(a) -- a statute dealing with interstate domestic violence -- that claim was dismissed properly for failure to state a claim. See 18 U.S.C. § 2261(a). Also, because Plaintiff raises no challenge to the district court's dismissal of his claim for deprivation of his "right to life, liberty, and the pursuit of happiness," that claim is not before us on appeal.

4

ground supported by the record, regardless of whether that ground was relied on or considered below." Id.

A court "shall dismiss" a case filed in forma pauperis if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6). Evans, 850 F.3d at 1253.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As an initial matter, we reject Plaintiff's assertion that the district court judge expressed bias or prejudice against Plaintiff or that the district court judge should have sua sponte recused himself. The district court applied correctly the

5

federal pleading standard, including the "plausibility" standard set forth by the Supreme Court in Iqbal and Twombly.  That the district court ruled against Plaintiff -- by itself -- is no evidence of improper bias.  See Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983).  We also reject Plaintiff's objection to the district court's statement about the reasons for Plaintiff's mistreatment: Plaintiff's complaint says expressly that the Murphy employee "attempted to spray water on and at [him] for unknown reasons." (emphasis added).

Title II of the Civil Rights Act prohibits discrimination on the basis of race in places of public accommodation, including gas stations.  42 U.S.C. § 2000a(a)-(b).  Similarly, Title III of the ADA prohibits places of public accommodation -- including gas stations -- from discriminating against individuals "on the basis of disability in the full and equal enjoyment of . . . goods, services, facilities, privileges, advantages, or accommodations . . .."  42 U.S.C. §§ 12181(7)(F), 12182(a).

Plaintiff has failed to state a claim for which relief may be granted under either Title II of the Civil Rights Act or under Title III of the ADA.  First, no private right of action for money damages exists under either statute.  See Newman v. Piggie Park Enter., Inc., 390 U.S. 400, 401-02 (1968) ("A Title II suit is . . .

6

private in form only.  When a plaintiff brings an action under [Title II of Civil

Rights Act], he cannot recover damages."); Jairath v. Dyer, 154 F.3d 1280, 1283 &

n.7 (11th Cir. 1998) ("Although a private right of action for injunctive relief does

exist under the ADA, it is uncontested that there is no private right of action for

damages.").  Plaintiff's complaint seeks only money damages, not injunctive relief.

Accordingly, Plaintiff cannot -- as a matter of law -- state a claim for which the

requested relief may be granted.

Moreover -- accepting the factual allegations in Plaintiff's complaint as true

and drawing all reasonable inferences in Plaintiff's favor -- Plaintiff has failed to

allege factual details sufficient to support his claims for unlawful discrimination

based on race or disability.  Plaintiff alleged no facts from which a factfinder could

infer reasonably that Plaintiff's mistreatment was motivated by racial animus or

that Plaintiff was treated less favorably than similarly situated non-African

American customers.  Nor has Plaintiff alleged facts showing that he suffered

discrimination on account of his disability, in violation of the ADA.  Plaintiff's

bare conclusory allegations that Defendants discriminated against him based on his

race or disability is not enough to avoid dismissal.[2]  See Iqbal, 556 U.S. at 678 (a

---

[2] We note that Plaintiff now says in his appellate brief that, during his encounter with the
Murphy employee, the Murphy employee called Plaintiff a "Nigger."  We may not, however,
consider this new factual allegation -- not pleaded in the complaint or otherwise raised in the
district court -- in determining whether Plaintiff's complaint was dismissed properly for failure

7

complaint fails to satisfy the pleading standard if the complaint offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" (quotation and alteration omitted)).  The district court thus committed no error in dismissing without prejudice Plaintiff's complaint for failure to state a claim.

Because Plaintiff identified no errors in the district court's order, the district court abused no discretion in denying Plaintiff's motion for reconsideration.  See Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

Nor can we say the district court abused its discretion by denying Plaintiff's motion to amend his complaint.  In seeking leave to amend, Plaintiff asserted only that he could present evidence corroborating facts already alleged in his complaint and "evidence that the defendant's policy to mistreat not only this plaintiff but other persons within the public are solely motivated by race."  Plaintiff, however, actually set out no particular "new facts from which the district court could have

---

to state a claim.  See Quality Auto Painting Ctr. of Roselle v. State Farm Indem. Co., 917 F.3d 1249, 1262 (11th Cir. 2019) (en banc) (plaintiffs "are not permitted to simply 'insert' new allegations through their appellate briefing."); Michel v. NYP Holdings, Inc., 816 F.3d 686, 705 (11th Cir. 2016) (an appellant "cannot [on appeal] use his briefing to add new allegations and argue that those new assertions support his cause of action.").

8

concluded that Plaintiff may have been able to state a claim successfully" and gave no "indication about what the substance of his proposed amendment would be." See Vanderberg v. Donaldson, 259 F.3d 1321, 1327 (11th Cir. 2001); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . ..").

AFFIRMED.