[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10355
Non-Argument Calendar
_____

Agency No. A207-241-014


JUAN ANTONIO LOPEZ-VAZQUEZ,
a.k.a. Juan Lopez,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 20, 2021)

Before WILSON, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Lopez-Vazquez seeks review of the Board of Immigration Appeals (BIA) order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal for failure to establish that his removal would result in exceptional and extremely unusual hardship on his citizen-born children.  Because this court lacks jurisdiction to review BIA decisions denying cancellation of removal based on hardship determinations, we dismiss Lopez-Vazquez's petition.

Lopez-Vazquez, a native and citizen of Mexico, entered the United States in 2000, without inspection.  On June 11, 2017, the Department of Homeland Security issued a Notice to Appear, which alleged removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).  Lopez-Vazquez conceded removability, and filed a cancellation-of-removal application and adjustment of status.  He noted that his removal would result in exceptional and extremely unusual hardship to his children and that if he were removed, they would have to stay in the United States.  The IJ denied Lopez-Vazquez's application for cancellation of removal, finding that he had not satisfied the requirement that his removal would result in exceptional and extremely unusual hardship to qualifying relatives.  On appeal, the BIA adopted and affirmed the IJ's decision.

Now Lopez-Vazquez challenges the denial of his application, contending that he presented sufficient evidence to satisfy the requisite element of exceptional and extremely unusual hardship.  He argues that the IJ inadequately considered the

2

totality of the medical and financial hardships to his children.  We review only the BIA's decision, unless, as in this case, the BIA adopts the IJ's reasoning.  *Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001).  Where the BIA adopts the IJ's reasoning, we review the IJ's decision as well.  *Id.*  We review our subject-matter jurisdiction de novo.  *Jairath v. Dyer*, 154 F.3d 1280, 1281–82 (11th Cir. 1998).

This court lacks jurisdiction to review discretionary decisions, including determinations of exceptional and extremely unusual hardship.  INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D); *see Gonzalez-Oropeza v. Att'y Gen.*, 321 F.3d 1331, 1332–33 (11th Cir. 2003) (per curiam).  Notwithstanding that jurisdictional bar, however, this court may consider constitutional claims or questions of law raised in a petition for review.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  Here, Lopez-Vazquez challenges the IJ's weighing of the evidence as to the hardship—a matter of discretion.  Although this court would have jurisdiction to consider a constitutional claim or question of law, he has not raised any.  Consequently, we do not have jurisdiction and, therefore, dismiss the petition.

**PETITION DISMISSED.**