**Brenda PICKERN, Plaintiff,**

**v.**

**BEST WESTERN TIMBER COVE LODGE MARINA RESORT, et al., Defendants.**

**No. CIV.S–00–1637 WBS/DAD.**

United States District Court, E.D. California.

April 1, 2002.

Thomas Edward Frankovich, Law Offices of Thomas E. Frankovich, San Francisco, CA, for Plaintiff.

Catherine Mary Corfee, Cook Brown and Prager, Sacramento, CA, Mark R. Mittelman, Law Offices of Mark Mittelman, Walnut Creek, CA, for Defendants.

*MEMORANDUM AND ORDER RE: TIMBER COVE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; TIMBER COVE DEFENDANTS' MOTION FOR RECONSIDERATION; FIRST RESORT'S MOTION TO DISMISS*

SHUBB, District Judge.

Plaintiff alleges that defendants violated Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and various California statutes. Defendants Best Western Timber Cove Lodge, Robert Maloff, Lisa Maloff, George Karadanis and Elise Karadanis (collectively, the "Timber Cove defendants") now move for summary judgment on the ADA claim on the grounds that it is moot, and request that the court dismiss the remaining state claims. Defendant First Resorts Hotel and Restaurant Services of Lake Tahoe ("First Resorts") moves to dismiss the case, also on the grounds that it is moot.[1] Plaintiff agrees that her ADA claim is moot, but argues that this court should retain jurisdiction over the state claims.

I. *Factual and Procedural Background*

Plaintiff is a person with disabilities who requires a wheelchair for mobility. (Pickern Decl. ¶ 1.) The Timber Cove Defendants allegedly own and operate the Best Western Timber Cove Lodge in Lake Tahoe ("Timber Cove"). First Resorts leases space from the Timber Cove defendants, including the restaurant formerly known

---

1. Because First Resorts has submitted materials outside of the pleadings in support of its motion to dismiss, (*See* Mozzochi Decl.), the court treats the motion to dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996) ("A motion to dismiss ... must be treated as a motion for summary judgment ... if either party to the motion to dismiss submits materials outside the pleadings ... and if the district court relies on those materials").

as "Angie's Café," the Marina boathouse, and a wedding chapel. (Mozzochi Decl. ¶¶ 2, 3.)

After encountering a number of barriers to access at the restaurant, marina, and in the hotel generally while visiting Timber Cove, plaintiff sued defendants. Her lawsuit seeks injunctive relief under the ADA, and damages under the California Disabled Persons Act, Cal. Civ.Code § 54 et seq., the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., and California Health & Safety Code § 19955, et seq.

Since plaintiff initiated her lawsuit, the Timber Cove defendants have made numerous alterations and repairs to the hotel, restaurant, and marina in an effort to remove the barriers to access identified by plaintiff. On December 21, 2001, the Timber Cove defendants filed a motion for summary judgment arguing, among other things, that plaintiff's claim for injunctive relief under the ADA was moot. Although the Timber Cove defendants had remedied most of plaintiff's concerns, this court denied the motion on the grounds that a triable issue of fact existed as to whether barriers to access remained in the bathrooms of rooms 315 and 318 at Timber Cove. *See Pickern v. Best Western Timber Cove Lodge,* No. Civ. S 00–1637 WBS/DA, 2002 WL 202442 (E.D.Cal. Jan 15, 2002) (hereinafter *"Pickern I"*). Specifically, there was a disputed, material question of fact as to whether there was adequate turning space in these bathrooms, and whether removal of this barrier would be readily achievable by taking out the existing bathtubs and installing prefabricated roll-in showers. *See id.*

After this court's ruling, the Timber Cove defendants removed the bathtubs in rooms 315 and 318, installed pre-fabricated roll-in showers, and again moved for summary judgment on the grounds that plaintiff's ADA claim is moot. (Maloff Decl. ¶¶ 3,4).[2] At approximately the same time, First Resorts filed a motion to dismiss (properly characterized as a motion for summary judgment) on the grounds that all of plaintiff's concerns regarding the marina and restaurant have been addressed and corrected, and are therefore moot. (*See* Mozzochi Decl. ¶ 6.)

Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for injunctive relief moot. (Pl's Opp'n at 3.) ("[P]laintiff is satisfied that her equitable claims have been resolved in their entirety."); *see Friends of the Earth, Inc. v. Laidlaw Environmental Services,* 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (a claim for injunctive relief is moot if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur"). Therefore, the only issue before the court is whether to retain jurisdiction over the state law claims.[3]

## II. *Discussion*

### A. *Federal Question Jurisdiction*

Plaintiff contends that this court has federal question jurisdiction over her state claims for damages. A court has federal question jurisdiction over a claim if: 1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims should be re-

---

**2.** The Timber Cove defendants also brought a motion for reconsideration of this court's order denying summary judgment. Because the Timber Cove defendants are entitled to summary judgment for the reasons set forth in the body of this order, the motion for reconsideration shall be denied as moot.

**3.** In its motion to dismiss, First Resorts discusses the merits of plaintiff's request for attorneys' fees. Plaintiff has not brought a motion for attorneys' fees, and therefore the issue is not before the court.

characterized as federal claims; or 3) one or more of the state law claims necessarily turns on the construction of a substantial, disputed federal question. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 343 (9th Cir.1996).

Plaintiff's contention is that federal question jurisdiction exists because her state law claims turn on a "substantial, disputed federal question" of whether defendants violated the ADA. After the ADA was passed in 1990, the California Disabled Persons Act and the Unruh Civil Rights Act were amended to provide that a violation of the ADA constitutes a violation of their provisions. *See* Cal. Civ.Code § 54.1(d); Cal. Civ.Code § 51(f). Thus, a plaintiff whose rights are violated under the ADA may now seek damages under the California statutes. *Boemio v. Love's Restaurant,* 954 F.Supp. 204, 208–09 (S.D.Cal.1997). Plaintiff argues that after the incorporation of the ADA into state law, federal question jurisdiction exists any time an ADA violation provides the only basis for the state claim.[4]

Plaintiff initially raised this argument in connection with the Timber Cove defendant's first motion for summary judgment. In ruling on that motion, this court found that there was federal question jurisdiction over the state claims. It was not necessary for the court at that time to address the issue of federal question jurisdiction over the state claims, however. Because the Timber Cove defendants' initial motion for summary judgment on the ADA claim

was denied, the state claims would have remained in the case on either supplemental jurisdiction or federal question jurisdiction. Any pronouncement this court made in that previous order concerning federal question jurisdiction over the state claims is therefore dictum. Now that the issue is squarely before the court, it is clear that the court does *not* have federal question jurisdiction over the state law claims.

■ The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction. Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief. 42 U.S.C. § 12188(a)(2). In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court reasoned that a determination by Congress that there should be no federal remedy for the violation of a federal statute "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.*

*Merrell Dow's* reasoning was extended to a case brought under the ADA in *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir.1998). There, the plaintiff filed a suit for damages in state court under a state

---

4. State claims may be premised on violations of the California Building Code, as well as violations of the ADA. *See* Cal. Civ.Code § 54; Cal. Health & Safety Code § 19955; Cal.Code Regs Title 24 § 1134B.1,2. However, some state claims may be based exclusively on ADA violations. The ADA requires existing facilities to remove barriers to access so long as removal is readily achievable, regardless of whether the facility has been altered. 42 U.S.C. § 12182(b)(2)(A)(iv). Because the Cal-

ifornia Building Code does not require facilities that pre-date its enactment to comply with its regulations unless and until the facility is altered, *see* Cal.Code Regs Title 24 § 1134B.1,2, its requirements are less stringent than those of the ADA. Therefore, existing facilities that have not been altered may violate the ADA but not the California Building Code. Timber Cove, which was constructed in 1973 and never altered, is such a facility.

statute that incorporated the ADA. *Id.* at 1281. The defendant removed the case to federal court on the ground that it involved a substantial question of federal law. *Id.* The district court denied the plaintiff's motion to remand and later granted the defendant's summary judgment motion. *Id.*

The Eleventh Circuit concluded that the district court erred in denying the remand motion, reasoning that the court did not have federal question jurisdiction over plaintiff's state suit. The appellate panel noted that the plaintiff could not have pursued injunctive relief under the ADA because he did not have standing, given that he did not express an intention to seek the defendant's services in the future. *Id.* at 1283 n. 7. Therefore, the only remedy available to the plaintiff was a private damage remedy which was not available under the ADA. The court reasoned that Congressional intent not to provide a damages remedy for an ADA violation suggests that Congress did not consider that such a violation would create a "substantial" federal question sufficient to confer federal jurisdiction. *Id.* (citing *Merrell Dow*, 478 U.S. at 814, 106 S.Ct. 3229).

In a recent Northern District of California case in which plaintiff is a party, Judge Illston applied *Jairath* and *Merrell Dow* to circumstances similar to those presented here. *Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D.Cal. Jan. 29, 2002) (hereinafter *"Pickern II"*). The parties in that case settled the ADA claim, leaving the state claims for damages and attorney's fees outstanding. The court concluded that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction. *See id.* 2002 WL 143817, at *3.

Judge Illston's analysis in *Pickern II* is persuasive. Federal courts clearly have a strong interest in resolving disputed issues of federal law. *See Merrell Dow*, 478 U.S. at 828, 106 S.Ct. 3229 (Brennan, J., dissenting) ("[T]he possibility that the federal law will be incorrectly interpreted in the context of adjudicating cases involving federal questions [incorporated into state law] implicates the concerns that led Congress to grant the district courts power to adjudicate federal questions . . . ."). However, questions of damages will often involve issues wholly unrelated to the interpretation of the ADA. Damages for emotional distress, for example, require testimony regarding the effect of the defendant's actions on the plaintiff's mental and emotional health. Daily deterrence damages, which have been recognized by this court and others as a valid measure of damages under the ADA, *see Loskot v. Lulu's Restaurant*, No. Civ. S–00–1497 WBS PAN (E.D.Cal. Nov. 15, 2000); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F.Supp. 433 (N.D.Cal.1994), require plaintiffs to prove that they were deterred on a particular occasion from attempting to attend a place of public accommodation. *See id.* This inquiry involves as much an examination of the plaintiff's mental state as it does an examination of the extent of the alleged ADA violations. Thus, the question of damages becomes the tail that wags the dog of the ADA issues. Though the ADA issues may be disputed, they are not "substantial" enough in the context of a claim for damages to confer federal question jurisdiction.[5]

---

**5.** State law provides for injunctive relief as well as damages, *see* Cal. Civ.Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State

Moreover, this court has serious concerns about the constitutional implications of adopting plaintiff's view that state damages claims based on the ADA create federal question jurisdiction. Such a rule would have the impermissible effect of allowing state legislation to expand the jurisdiction of the federal courts. *See Burford v. Sun Oil Co.,* 319 U.S. 315, 317, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)(stating that a state legislature "may not make a federal district court, a court of original jurisdiction, into an appellate tribunal or otherwise expand its jurisdiction"). The court accordingly concludes that it has supplemental, not federal question, jurisdiction over the state law claims for damages. *See* 28 U.S.C. § 1367(a).

B. *Supplemental Jurisdiction*

Under 28 U.S.C. § 1367(c)(3), the court has discretion to dismiss state law claims when it has dismissed all of a plaintiff's federal claims. Plaintiff argues that this court should retain jurisdiction over the state claims because requiring plaintiff to re-file in state court will be inconvenient and will delay the case unnecessarily.

 Factors for the court to consider in deciding whether to dismiss supplemental state claims include economy, convenience, fairness, and comity. *Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1309 (9th Cir.1992) "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego,* 84 F.3d

1162, 1171 (9th Cir.1996) *overruled on other grounds by Acri v. Varian Assoc.'s, Inc.,* 114 F.3d 999, 1000 (9th Cir.1997). Some circuits have held that a court may retain jurisdiction over state law claims if extraordinary or unusual circumstances justify their retention. *See, e.g., Wentzka v. Gellman,* 991 F.2d 423, 425 (7th Cir. 1993); *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1255 (6th Cir.1996).

While the court recognizes that litigation of a new suit in state court may create some inconvenience to plaintiff, plaintiff has made no showing of extraordinary or unusual circumstances. Accordingly, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

IT IS THEREFORE ORDERED that:

(1) the Timber Cove defendants' motion for summary judgment, and First Resorts' motion to dismiss (which is properly characterized as a motion for summary judgment) be, and the same hereby are, GRANTED;

(2) the remaining state claims are DISMISSED pursuant to 28 U.S.C. § 1367(c);

(3) the Timber Cove defendants' motion for reconsideration of this court's order denying the initial summary judgment motion be, and the same hereby is, DENIED as moot.

claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages. This observation, though theoretically interesting, is of little practical consequence. A plaintiff would be unlikely to bring a state claim but not a federal claim for injunctive relief premised on ADA violations. In addition, if a plaintiff brought both federal and state claims for injunctive relief, and the federal claim was dismissed for mootness or lack of standing, the same would be true for the state claim. The question of original jurisdiction over a state claim for injunctive relief is therefore unlikely to arise.