Doug WANDER, Plaintiff–Appellant,

v.

Jack S. KAUS; Irene B. Kaus,
Defendants–Appellees.

No. 01–15116.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2002.

Filed Aug. 21, 2002.

Amended Sept. 20, 2002.

Lynn Hubbard, III, Scottlyn J. Hubbard, Chico, CA, for the plaintiff-appellant.

Michael A. Bishop, Pamela A. Lewis, Matheny, Sears, Linkert, & Long, Sacramento, CA, for the defendants-appellees.

Before HAWKINS, SILVERMAN, Circuit Judges and RESTANI, Judge.*

**OPINION**

SILVERMAN, Circuit Judge.

Doug Wander appeals the district court's dismissal for lack of subject matter jurisdiction of his disability discrimination 14533 claims under the California Disabled Person's Act (DPA). We hold today that there is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA. To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of

federal law is an element of a state law claim.

**I. Factual Background**

Doug Wander is quadriplegic and requires the use of a van and driver to travel in public. Jack and Irene Kaus are the former owners of Mangrove Square, a business complex containing, among other tenants, a Kinko's Copy Center.

Wander, an attorney, visited Kinko's on numerous occasions to make copies of legal documents. He alleged that each time he entered the square, he encountered architectural barriers that prevented his access to the building, in particular, curb ramps sloped in a fashion that kept him from using his van lift. On May 16, 2000, Wander filed a civil action against the Kauses, alleging that the structural access barriers discriminated against the disabled in violation of Title III of the ADA and various California statutes, including the Disabled Persons Act (DPA). He sought injunctive relief under the ADA and damages under the DPA. On June 9, 2000, the Kauses transferred ownership of Mangrove Square to new owners, and no longer had any interest or involvement with the property after that date.

In response to a motion to dismiss, Wander conceded that his request for injunctive relief had become moot when the Kauses ceased to own the property. That left Wander's claim for damages under the California Disabled Persons Act, which was premised on the Kauses' alleged violation of Title III of the ADA. The DPA incorporates the federal ADA in the following terms:

> A violation of the right of an individual under the Americans with Disabilities Act of 1990 ... also constitutes a viola-

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

tion of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Cal. Civ.Code § 54.1(d) (2002).

■ Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III. *See* 42 U.S.C. § 12188(a)(1)(providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a–3(A), which do not permit recovery of monetary damages. See *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401–02, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968)). However, damages *are* recoverable under California's DPA.

The Kauses moved to dismiss Wander's federal claims as moot and to dismiss his remaining state law claims without prejudice under the discretionary supplemental jurisdiction statute, 28 U.S.C. § 1367(c). Wander conceded that the injunctive relief requested under the ADA claim was now unavailable because the Kauses no longer owned, leased, leased to, or operated the place of public accommodation at issue. However, Wander argued that the DPA's incorporation of the ADA presented a federal question.

In granting the Kaus' motion to dismiss, the district court ruled that federal question jurisdiction was not present and it specifically declined to exercise supplemental jurisdiction over the state DPA claim. With respect to the issue of federal question jurisdiction, the district court ruled that"[t]he mere fact that a previous violation of federal law would also give rise to a state law claim is inadequate to vest a district court with federal question jurisdiction over the state law claim."

Wander does not argue that the district court abused its discretion by refusing to exercise supplemental jurisdiction over the DPA claim. As he framed the issue, "[t]his appeal raises a single question . . .: When a state statute incorporates a federal statute in defining a violation of state law, is a federal question thereby created?"

## II. Standard of Review

■ We review de novo a district court's ruling that it lacks subject matter jurisdiction. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000).

## III. Analysis

### 1. Merrell Dow Inc. v. Thompson

■ Federal courts have original jurisdiction over all civil actions that "arise under" the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. Most federal-question jurisdiction cases are those in which federal law creates a cause of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). A case may also arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. 3229. Rather, courts should approach the issue of federal question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." *Id.* at 810, 106 S.Ct. 3229. Accordingly, when determining the propriety of federal question jurisdiction, courts look both to congressional intent and the nature of the federal interest at

stake. *See id.* at 810, 814 n. 12, 106 S.Ct. 3229.

These two factors are illustrated in *Merrell Dow*. There, the plaintiffs brought a tort lawsuit in state court against the manufacturer of the drug Bendectin, claiming that the drug caused birth defects in two infants whose mothers ingested the drug during pregnancy. The plaintiffs alleged, among other things, that Bendectin had been "misbranded" in violation of the Federal Food, Drug, and Cosmetic Act. They alleged that the drug's label did not provide adequate warnings of its danger, and that the violation of the FDCA constituted a rebuttable presumption of negligence. The manufacturer removed the case to federal court, asserting federal-question jurisdiction.

The Supreme Court phrased the question as follows: "[W]hether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties, of the United States,' 28 U.S.C. § 1331." The Court answered that it did not.

The Court emphasized that Congress did not intend the Federal Food, Drug, and Cosmetic Act to create a private right of action for its violation. The Court held that Congress's choice to foreclose a private right of action was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction." 478 U.S. at 813, 106 S.Ct. 3229. The Court reasoned:

> It would flout congressional intent to provide a private federal remedy for violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to

conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law. *Id.* at 812, 106 S.Ct. 3229.

 Wander's case is materially indistinguishable from *Merrell Dow*. Wander would have the federal court exercise jurisdiction over his state-law damage suit, premised on a violation of the ADA, even though Congress intended that such ADA violations *not* give rise to a federal cause of action for damages. Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim. We think it is clear that the exercise of federal-question jurisdiction under these circumstances would fly in the face of clear congressional intent. We agree with the district court that Wander's state law cause of action claim does not "arise under federal law" even though it is premised on a violation of federal law.

## 2. Other Cases

Other courts are in accord with this analysis. In *Jairath v. Dyer*, 154 F.3d 1280, 1281 (11th Cir.1998), the Eleventh Circuit applied *Merrell Dow*'s reasoning to a case brought under the ADA. The *Jairath* plaintiff brought suit in state court for damages under a Georgia state law that incorporated the ADA. *Id.* at 1281. The defendant removed the case to federal court, arguing that the statute's incorporation of the ADA created a substantial question of federal law. The district court agreed, and exercised federal question jurisdiction. The Eleventh Circuit reversed, holding that the district court lacked subject matter jurisdiction over the action.

*Id.* at 1284. Finding the case "closely analogous to *Merrell Dow*," the Eleventh Circuit concluded that "the congressional intent not to provide a private damages remedy for this kind of violation is, in the instant case, just as it was in *Merrell Dow*, 'tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state case of action is insufficiently 'substantial' to confer federal jurisdiction.'" *Id.*

A California district court came to the same conclusion in *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F.Supp.2d 1128 (E.D.Cal.2002) (Pickern II), a case virtually indistinguishable from the one at bar. There, the plaintiff, like Wander, sued under the ADA and various state statutes, including the DPA, for access violations in a restaurant, marina, and hotel. Her suit sought injunctive relief under the ADA and damages under the DPA and other state statutes. Like Wander, the plaintiff's ADA action became moot during the course of her proceedings. Upon dismissal of the ADA claim, the district court was faced with the identical question before this Court: does the incorporation of the ADA into the DPA (via California Civil Code § 54.1(d)) as an element of liability for damages create federal question jurisdiction where the ADA is the only basis for the state claim? Citing both *Jairath* and *Merrell Dow*, Judge Shubb dismissed the case for lack of jurisdiction, ruling that Congress's choice not to provide a damages remedy under the ADA signified a congressional conclusion that the presence of an ADA violation as an element of the DPA is insufficient to confer federal question jurisdiction. *Pickern II*, 194 F.Supp.2d at 1132–33.

As Judge Shubb pointed out, actions for damages under the DPA necessarily involve issues outside the scope of Title III of the ADA:

Damages for emotional distress ... require testimony regarding the effect of the defendant's actions on the plaintiff's mental and emotional health. Daily deterrence damages ... require plaintiffs to prove that they were deterred on a particular occasion from attempting to attend a place of public accommodation. This inquiry involves as much an examination of the plaintiff's mental state as it does an examination of the extent of the alleged ADA violations. *Thus, the question of damages becomes the tail that wags the dog of the ADA issues.*

*Pickern II*, 194 F.Supp.2d at 1132 (emphasis added).

In *Pickern v. Stanton's Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D.Cal. Jan.29, 2002) (Pickern I), a suit by the same plaintiff in a different California district court, Judge Illston reached the same conclusion. There, the parties settled the ADA claims and the claims for injunctive relief, leaving only state law claims for damages and attorney's fees. *Id.* at *1. Citing *Jairath* and *Merrell Dow*, the court held that "allegations of ADA violations as an element of a state claim are insufficient to support federal question jurisdiction." *Id.* at *3.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.