**SYNERGY STAFFING, INC.; fka Personnel Connection, Inc., Plaintiffs–Appellants,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant–Appellee.**

**No. 01–55933.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Filed March 24, 2003.

---

Andrew M. Rosenfeld, Torrance, CA, for the plaintiffs-appellants.

Annette M. Wietecha, United States Department of Justice, Tax Division, Washington, DC, for the defendant-appellee.

Before T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge:

The district court held that the taxpayer's administrative claim failed to give the IRS adequate notice of one of the bases for its claim of entitlement to abatement of late-payment penalties. We disagree, and hold that the taxpayer's claim was, indeed, sufficient to put the IRS on notice of the nature of the claim. We reverse that portion of the ruling.

The district court also held that the taxpayer failed to establish "reasonable cause" to avoid the imposition of a late penalty. Although the taxpayer offered evidence that it had financial difficulties, the taxpayer failed to show what cash it *did* have on hand and how it spent its funds in lieu of paying its taxes. On this point we agree with the district court, and affirm that part of the district court's order.

## I. Background

Synergy Staffing, Inc. is a corporation that provides temporary employee services. Beginning sometime in 1988, Synergy failed to pay its employee payroll taxes on time, resulting in the imposition by the IRS of penalties and interest. In the following ten-year period, whenever Synergy made payroll tax payments, the IRS applied Synergy's payments to the oldest amounts due. This was despite an instruction on Synergy's check to apply the payment to current taxes. In designating its payments for current amounts due, Synergy sought to prevent the imposition of additional penalties and interest. However, because of the way the IRS applied the payments, Synergy was never current. Because of its rolling delinquency, Synergy

incurred additional penalties and interest exceeding two million dollars.

Synergy filed several administrative claims with the IRS seeking refunds of penalties and interest for various quarters. The claims were made on IRS Form 843 ("Claim for Refund and Request for Abatement"). In Box 5 of the form, which calls for an explanation of the claim, Synergy wrote, "See attached." Appended to the form was a two-and-a-half page typewritten statement. Synergy's main point was that its tardiness in paying its payroll taxes was caused by unexpected problems with its line of credit, not willful neglect. Synergy claimed that its credit woes constituted "reasonable cause" for the abatement of late-payment penalties.

In addition, as to several of the claims, the statement contained the following paragraph located in the middle of the first page:

> During the course of the payment of tax liabilities, the taxpayer became delinquent in current tax liabilities. When the taxpayer made payments on these delinquent taxes the Internal Revenue Service arbitrarily applied deposits, *regardless* of timeliness, to the earliest tax liability rather than the current payroll liability.

After the IRS either denied the administrative complaints or failed to respond to them within six months, Synergy filed suit in district court seeking a refund of penalties and interest paid from 1988 to 1998. The district court granted summary judgment in favor of the IRS.

The district court held that it lacked jurisdiction over the refund claims for taxes and penalties assessed for periods ending on or before June 30, 1993 because

they were time-barred under 26 U.S.C. § 6511(a).

As to the refund claims related to the quarterly periods ending on or after September 30, 1993, the district court held that the IRS was entitled to summary judgment on two grounds. First, the district court held that it lacked subject-matter jurisdiction over Synergy's misapplication claim because it was "buried in one sentence of two-to-three pages of explanation." This, said the district court, failed to put the IRS on " 'adequate notice' that the nature of [Synergy's] claim included a charge of misapplication of funds or 'specific facts upon which that charge is predicated.' [citing *Rowe v. United States*, 228 Ct.Cl. 269, 655 F.2d 1065, 1071 (1981) ]."

Second, the district court held that Synergy failed to raise a triable issue that its failure to make timely payroll tax deposits was due to reasonable cause rather than willful neglect. The court said that Synergy "offer[ed] no admissible evidence demonstrating what funds or assets [it] had on hand when each payroll tax payment at issue `. . . was due, or evidence of how [Synergy] expended those funds or assets when payroll payments were due." Synergy appeals as to the claims related to quarterly periods ending on or after September 30, 1993.[1]

## II. Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291. A dismissal for lack of subject matter jurisdiction is reviewed *de novo*. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002). The district court's order granting summary judgment is reviewed *de novo*. *See Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1165

---

**1.** Synergy did not appeal the district court's ruling that the refund claims for taxes and penalties assessed for periods ending on or before June 30, 1993 are barred by the statute of limitations. *See* 26 U.S.C. § 6511(a).

(9th Cir.2002). Whether the elements required to establish reasonable cause are present in a given case is a fact question we review for clear error. *See East Wind Indus., Inc. v. United States,* 196 F.3d 499, 504 (3d Cir.1999).

## III. Discussion

### A. Reasonable Cause

 About six weeks after this case was concluded in the district court, we decided *Van Camp & Bennion v. United States,* 251 F.3d 862, 868 (9th Cir.2001), holding that financial hardship may constitute reasonable cause to abate penalties for failure to timely deposit payroll taxes under 26 U.S.C. §§ 6651(a) and 6656(a). Although *Van Camp & Bennion* had not been decided at the time of the district court's decision, it nevertheless assumed that financial difficulties can be the basis for finding reasonable cause to excuse the underpayment and presciently analyzed the case under the correct standard. In so doing, the district court ruled that Synergy had failed to produce evidence raising a triable issue of fact as to whether its failure to make timely payroll deposits was due to financial hardship. That ruling was not clearly erroneous.

The Treasury regulations interpret "reasonable cause" under 26 U.S.C. § 6651 to mean that the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship ... if he paid on the due date." 26 C.F.R. § 301.6651–1(c)(1). "Undue hardship" is defined as "more than an inconvenience to the taxpayer." 26 C.F.R. § 1.6161–1(b).

Synergy presented evidence that during the years at issue, its line of credit had been reduced through no fault of its own, which adversely affected its ability to deposit the payroll taxes on time. As the district court held, however, such evidence, in and of itself, is not sufficient to establish reasonable cause. Evidence of financial trouble, without more, is not enough. *See Fran Corp. v. United States,* 164 F.3d 814, 816 (2d Cir.1999). Synergy failed to come forward with evidence of what funds it *did* have on hand each time a payroll tax was due, and it likewise failed to produce evidence of how it spent those funds in lieu of paying its taxes. *See* 26 C.F.R. § 301.6651 1(c)(1) (noting that in making a reasonable cause determination, "consideration will be given to ... the amount and nature of the taxpayer's expenditures in light of the income ... he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed for the payment of the tax"). We agree with the district court that Synergy failed to carry its burden of proving that its financial troubles constituted reasonable cause to justify the abatement of nonpayment penalties.[2]

### B. Sufficiency of administrative claim regarding misapplication of payments

The district court held that it lacked subject-matter jurisdiction over the misapplication claim. It ruled that Synergy had failed to exhaust its administrative remedies by failing to give the IRS adequate notice of the nature of the claim. We disagree with this portion of the district court's ruling.

A refund suit may not be maintained in court until a claim has been filed with the IRS in accordance with Treasury regulations. 26 U.S.C. § 7422(a). The regula-

---

**2.** Synergy's motion for leave to supplement the record on appeal is denied. *Morrison v. Hall,* 261 F.3d 896, 900 n. 4 (9th Cir.2001).

Consequently, the IRS' motion to strike the new evidence attached to Synergy's opening brief is denied as moot.

tions require that the refund claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b)(1). This requirement is intended to prevent surprise and to give the IRS adequate notice of the claim so that it can be investigated and resolved. *Boyd v. United States,* 762 F.2d 1369, 1371 (9th Cir.1985).

■ In our view, the language in Synergy's administrative claim was sufficient to put the IRS on notice that Synergy was alleging that its tax payments had been misapplied. In its administrative claim, Synergy stated, in a stand-alone paragraph, that the IRS "arbitrarily applied deposits, *regardless* of timeliness, to the earliest tax liability rather than the current payroll liability." (Emphasis in original.) A reasonable IRS employee reading this document would know that the taxpayer was griping, at least in part, about the way the payments had been applied. It was there, in black and white, in its own paragraph, for anyone to read. It does not matter that it was in the middle of the page, or that it wasn't flagged with a Roman numeral.

The adequacy of Synergy's claim stands in sharp contrast to the claim in *Boyd v. United States.* Mr. Boyd, a professional poker player, filed an administrative claim seeking allowance of a business expense deduction for "losses" incurred playing poker. In district court, however, he also sought to establish the deductibility of not just his poker losses, but also of his tipping expenses and expenses incurred in contributing to the house take-off. *Boyd,* 762 F.2d at 1371. The district court held that Boyd's administrative claim did not sufficiently apprise the IRS that he would be claiming the right to deduct tips and house take-offs, and therefore, those issues could not be raised for the first time in a district

court lawsuit. We agreed. Boyd's claim directed the IRS' attention only to the losses incurred while playing poker and made no mention of tipping expenses and house take-offs. *Id.*

Synergy's claim does not suffer from that sort of infirmity. It specifically mentions the supposed misapplication of payments to the oldest liability instead of to the current amounts due.

Therefore, as to the administrative claims relating to quarterly periods ending on or after September 30, 1993 in which the language relating to the misapplication of payments appears, we reverse the district court's dismissal of Synergy's misapplication claims for lack of subject-matter jurisdiction. We remand the case for further proceedings consistent with this opinion.

No costs allowed.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**