Marti ADDAMS–MORE, Plaintiff—
Appellant,

v.

CHUNG SAN HOLDINGS USA LTD;
et al., Defendants—Appellees.

No. 02–55092.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2004.*

Decided March 8, 2004.

Marti Addams–More, pro se, Los Angeles, CA, for Plaintiff-Appellant.

Michael J. Nunez, Esq., Murchison & Cumming, Los Angeles, CA, Y. Christopher Nagakawa, Richard J. Rojo, Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Marti Addams–More appeals the district court's dismissal of her complaint for failure to state a claim, lack of standing, and lack of subject matter jurisdiction. Her complaint asserts various claims arising from her perception of disability discrimination against the owners and operators of a hotel ("the hotel defendants"), as well as against the State of California and California Attorney General Bill Lockyer.[1] The claims are based in part on Appellant's view that the hotel defendants discriminated against her by failing to take steps to accommodate her alleged disabilities, and that the State of California and its attorney general were remiss in failing to correct the problems she perceived. We affirm.

■ The district court properly dismissed Counts 1, 3, 15 (alleging violation of the Americans with Disabilities Act, unnamed state housing codes, and the First Amendment, respectively) and Count 20 (a request to modify a portion of the Code of Federal Regulations) because they failed to state a claim for which relief could be granted. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 781 (9th Cir.2003).

The district court properly dismissed Counts 4, 5, and 6 (alleging violations of 42 U.S.C. § 2000a, 42 U.S.C. § 1981, and 42 U.S.C. § 1982, respectively) because Appellant failed to allege facts to establish standing to allege those claims. *City of South Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 232 (9th Cir.1980).

■ The district court properly dismissed Count 7 (alleging violation of 42 U.S.C. § 1983) because Appellant did not allege facts to support the allegation that there was a "meeting of the minds" between the hotel defendants and the state to violate her civil rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002).

■ The district court properly dismissed Counts 2, 8 and 9. Appellant, in failing to properly present her arguments in her opening brief, has waived any alleged error on the part of the district court. *Humble v. Boeing Co.*, 305 F.3d 1004, 1012 (9th Cir.2002) ("Issues raised in a brief but not supported by argument are deemed abandoned absent manifest injustice."); Fed. R.App. P. 28(a)(9)(A).

The district court properly dismissed Count 13 (alleging violation of the Americans with Disabilities Act) because Appellant may not seek damages for an alleged failure to enforce Title III of the ADA. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

The district court properly dismissed Count 14 (alleging violation of 42 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo a Rule 12(b)(6) dismissal, *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.2003), and liberally construe a pro se complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992) (per curiam). All allegations of material fact are taken as true. *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir.2003). Whether a party has standing is reviewed de novo. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 902 (9th Cir.2002). The existence of subject matter jurisdiction is a question of law reviewed de novo. *Chang v. United States*, 327 F.3d 911, 922 (9th Cir.2003). We may affirm the judgment of the district court on any ground supported by the record, even if our rationale differs from that of the district court. *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir.2003) (citation omitted).

§ 1983) asserted against Lockyer because Appellant did not allege that defendant Lockyer was personally involved in violating Appellant's constitutional rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).

The district court properly dismissed Count 16 because the Supreme Court has determined the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., to be unconstitutional as applied to the states. *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).

The district court properly dismissed Count 17, which alleged a violation of 42 U.S.C. § 1986. Appellant could not state a claim against Lockyer under § 1986 when she has not stated a valid claim under 42 U.S.C. § 1985. *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988) ("A claim can be stated under [42 U.S.C.] section 1986 only if the complaint contains a valid claim under [42 U.S.C.] section 1985.").

The district court properly dismissed Count 19 (a constitutional claim against the State of California) as being barred by the Eleventh Amendment. *In re Ellett*, 254 F.3d 1135, 1144 n. 6 (9th Cir.2001).

■ Because the district court correctly dismissed all of Appellant's federal claims, the district court also had discretion to dismiss Appellant's state law claims for violation of the Unruh Civil Rights Act (Cal. Civil Code §§ 51, 52, and 54), intentional infliction of emotional distress, Cal. Civ.Code § 3294, and negligent infliction of emotional distress (Counts 10, 11, 12, 18, respectively). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir.2003); 28 U.S.C. § 1367(c)(3).

**AFFIRMED.**