**PACIFIC WALLBOARD & PLASTER CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 03–1562–PA.**

United States District Court, D. Oregon.

April 13, 2004.

**1188**

Larry D. Harvey, Larry D. Harvey, P.C., Englewood, CO, for Plaintiff.

Jeremy Nolan Hendon, Traci L. Patterson, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

PANNER, District Judge.

Plaintiff Pacific Wallboard & Plaster failed to pay its federal employment taxes in 1998, 1999, and 2000. The IRS assessed penalties totaling about $129,000. As required by law, Plaintiff paid the penalties and back taxes, then brought this action against the United States to obtain a refund of the penalties. The government now moves for summary judgment. I grant the motion.

### Background

. Plaintiff contends it was unable to meet its tax obligations during 1998, 1999, and 2000 because its long-time controller, Cynthia Smith, was secretly embezzling funds from the company (at least $750,000 over five years). Plaintiff did not discover the embezzlement until 2001. Citing this new information, Plaintiff asked the IRS to excuse and refund the penalties. The IRS declined. Plaintiff seeks judicial review of that determination, a refund, plus interest and attorney fees.

### Legal Standards

Summary judgment will be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c). A material fact is one that may affect the outcome. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment may be granted, despite the presence of factual disputes between the parties, if the resolution of those disputes could not change the final result. *Id.See also* Brunet, Redish, & Reiter, SUMMARY JUDGMENT: FEDERAL LAW AND PRACTICE § 6.04 (2d ed.2000).

When a defendant moves for summary judgment, the plaintiff may not simply rest on his pleadings, but must produce evidence sufficient to permit a jury to return a verdict in his favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The evidence, and reasonable inferences that may be drawn from it, must be viewed in the light most favorable to the non-moving party. *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir. 2001).

### Discussion

This action is governed by 26 U.S.C. § 7422. Whether the penalty should be excused is determined *de novo* without deference to the decision of the IRS. The taxpayer has the burden of proof by a preponderance of the evidence.

When a tax is paid late, a penalty shall be imposed "unless it is shown that such

failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). "As used here, the term 'willful neglect' [means] a conscious, intentional failure or reckless indifference." *United States v. Boyle,* 469 U.S. 241, 245, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985). "A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship (as described in § 1.6161–1(b) of this chapter) if he paid on the due date." 26 C.F.R. § 301.6651–1(c)(1).

Section 1.6161–1(b) provides in relevant part that:

The term "undue hardship" means more than an inconvenience to the taxpayer. It must appear that substantial financial loss, for example, loss due to the sale of property at a sacrifice price, will result to the taxpayer for making payment on the due date of the amount with respect to which the extension is desired. If a market exists, the sale of property at the current market price is not ordinarily considered as resulting in an undue hardship.

The material facts are undisputed. For twelve consecutive quarters, over a three year period, Plaintiff did not pay its employment taxes. During that three year period, Plaintiff also deducted money from the paychecks of its employees, but did not remit that money to the IRS each week as required. This was not an isolated omission. Rather, Plaintiff failed to deposit those funds for approximately 150 consecutive weeks.

Plaintiff concedes those omissions were knowing. This is not a case of an employee forgetting to make a payment or deposit, or falsely claiming to have made the payment but embezzling the funds instead. Plaintiff's highest financial officers made a conscious decision not to pay the IRS, choosing to use the money for other purposes they considered more pressing in light of the company's circumstances.

Some courts have reasoned that financial hardship can never excuse a failure to remit payroll deductions to the IRS, because such deductions are a trust fund held for the benefit of the employees and the United States. The employer has no right to use that money regardless of how much financial difficulty it is in. *See, e.g., Brewery, Inc. v. United States,* 33 F.3d 589 (6th Cir.1994).

In this Circuit, an employer is not categorically precluded from pleading financial hardship as a defense to the penalty when payroll taxes (and employee trust funds) are involved. *See Van Camp & Bennion v. U.S.,* 251 F.3d 862, 868 (9th Cir.2001). There may be extraordinary circumstances that warrant excusing the penalty. This case is not one of them. Plaintiff was not simply late once or twice. Plaintiff knowingly missed approximately 150 consecutive tax deposits, and did not pay taxes for 12 consecutive quarters. The narrow exception established in *Van Camp* cannot be stretched to the lengths necessary to cover the present situation without converting tax-paying into a largely voluntary undertaking.

Plaintiff's case also suffers from a second fatal defect. In seeking to have the penalty excused, the taxpayer must show what funds were available each time a payroll tax was due, and how it spent those funds in lieu of paying its taxes. *Synergy Staffing, Inc. v. United States,* 323 F.3d 1157 (9th Cir.2003). I have studied the materials submitted in opposition to summary judgment, as well as the materials Plaintiff proposes to offer at trial (including witness statements and exhibits). I

find no basis that would allow a reasonable jury to return a verdict for the Plaintiff.

On a number of occasions, Plaintiff had sufficient funds to pay the taxes owing for a given payroll period, and to make the required tax deposits for that week. Plaintiff chose to use the money for other purposes. Even when Plaintiff could not pay the taxes in full, Plaintiff often could have made at least a partial payment. Plaintiff never did. There also is no evidence Plaintiff sought an extension of time, or to arrange a payment plan with the IRS during those years. Rather, on this record, it appears that Plaintiff simply ignored its tax obligations for three whole years.

During the relevant time period, Plaintiff loaned over a million dollars to other companies controlled by Plaintiff's President, David Herman. That money could have been used to pay at least some of the taxes that came due. This seriously undermines Plaintiff's contention that it was doing everything reasonably possible to meet its obligations to the IRS.

The record is devoid of evidence that Plaintiff tried to borrow additional funds, obtain an infusion of capital by selling stock, or to delay repaying some loans or other obligations. There is little explanation regarding the expenses Plaintiff chose to pay with the available funds, or why some payments could not have been deferred. Plaintiff does say it chose to pay wages, rent, and critical suppliers ahead of the IRS. There is no evidence detailing the obligations, if any, that Plaintiff deferred in order to pay the IRS first. Nor have I seen evidence that vendors stopped doing business with Plaintiff, let alone brought suit for money owed. So far as I can tell from this record, the IRS was last in line to be paid, or close to it.

Plaintiff also has not offered expert testimony regarding the company's financial circumstances during the years in question, or ability to make the 150 missed tax deposits and other obligations.

Plaintiff's case focuses almost entirely on the mere fact of the embezzlement, and a general assertion that it was chronically short of money as a result. That isn't enough to sustain the Plaintiff's burden of proof. Plaintiff is required to show what it did with the money at its disposal, what steps it took to meet its tax obligations, and that the company either was unable to meet those obligations or that it would have caused serious financial hardship. Even assuming the truth of Plaintiff's evidence, it does not come close to satisfying that standard. Admittedly, it is a difficult standard to satisfy, but properly so. Paying your taxes, and remitting employee trust funds to the IRS, is not intended to be optional.

### Conclusion

Defendant's motion (# 28) for summary judgment is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

### JUDGMENT

The court having granted summary judgment in favor of the Defendant, this action is dismissed with prejudice.