**Tony MARTINEZ, Plaintiff–Appellant,**

v.

**DEL TACO, INC., Defendant–Appellee.**

No. 06–15424.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.\*

Filed Oct. 23, 2007.

Lynn Hubbard, III, Law Offices of Lynn J. Hubbard, IV, Chico, CA, for Plaintiff–Appellant.

Lisa A. Wegner, Esq., Melinda Evans, Esq., Call Jensen & Ferrell, Newport Beach, CA, for Defendant–Appellee.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY,\*\* District Judge.

\*\* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

MEMORANDUM ***

1. The question presented on this appeal is identical to the one raised and decided by us in *Wander v. Kaus:* "When a state statute incorporates a federal statute in defining a violation of state law, is a federal question thereby created?" 304 F.3d 856, 858 (9th Cir.2002); Pet. Br. at 13. The similarity of this case to *Wander* extends beyond the presentation of the verbatim issue—indeed, both cases were brought by the same counsel, under the same statute, and pursuant to nearly identical facts. Although Appellant's position was definitively rejected in *Wander,* he urges that we should reexamine the issue in light of the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), a case which he argues "implicitly overrules" *Wander* and limits the holding in *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), upon which *Wander* relied.

2. In *Merrell Dow,* the Court held that federal question jurisdiction did not exist to consider a state tort claim resting in part on an allegation that the defendant pharmaceutical company had violated a federal statute and thus was presumptively negligent pursuant to state law. 478 U.S. at 817, 106 S.Ct. 3229. The Court rested its holding, in part, on the fact that Congress had not provided a private federal cause of action for violation of the federal statute at issue in that case. *Id.* at 813, 106 S.Ct. 3229.

3. *Grable* holds that federal jurisdiction over a state law claim may be proper even in the absence of a federal cause of action when "the state action discloses a contested and substantial federal question" and "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts." 545 U.S. at 313, 125 S.Ct. 2363. The Court specifically recognized that its holding was not inconsistent with the holding in *Merrell Dow,* stating "*Merrell Dow's* analysis ... fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such forum with Congress's intended division of labor between state and federal courts." *Id.* at 319, 125 S.Ct. 2363.

4. In *Wander* we held that the appellant's state law cause of action for damages did not "arise under" federal law, even though it was premised on an alleged violation of the ADA.[1] *Wander,* 304 F.3d at 857. *Wander* recognized that federal question jurisdiction issues require "sensitive judgments about congressional intent, judicial power, and the federal question." *Id.* at 858 (quoting *Merrell Dow,* 478 U.S. at 810, 106 S.Ct. 3229). *Wander* is not "clearly irreconcilable" with *Grable,* nor "undercut" by relying on *Merrell Dow. See Miller v. Gammie,* 335 F.3d 889, 900 (9th Cir.2003) (en banc) (holding that circuit law must be followed unless "the relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

5. The district court properly followed *Wander* and answered the question presented in the negative. *See Wander,* 304 F.3d at 857. We affirm.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Pursuant to the ADA, the only remedies available in private actions are injunctive relief and attorney's fees. 42 U.S.C.A. § 12188(a)(1).