**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE COLEMAN,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PHOENIX ART MUSEUM,<br><br>        Defendant - Appellee. | No. 09-16018<br><br>D.C. No. 2:08-cv-01833-JAT<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 16, 2010 [**]

Before: PREGERSON, LEAVY, and RAWLINSON, Circuit Judges.

Wayne Coleman appeals pro se from the district court's judgment

dismissing his action alleging a violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 et seq. We have jurisdiction pursuant to 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/Research

§ 1291.  We review de novo a dismissal for failure to state a claim, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 927 (9th Cir. 2006), and we affirm.

The district court did not err by dismissing Coleman's amended complaint without leave to amend because Coleman pled that the remedy he seeks is limited to a monetary award and that he does not want injunctive relief.  *See Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA — only injunctive relief is available for violations of Title III").

We assume that the district court declined to exercise supplemental jurisdiction over any claim that Coleman may have sought to allege under Arizona law, and we therefore construe the dismissal of any such claim to have been without prejudice.  *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.") (citation and internal quotation marks omitted).

We do not consider documents or facts raised for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**