NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRIS KOHLER,

Plaintiff - Appellant,

v.

SOUTHLAND FOODS, INC., DBA
Arbys #6048; MORENO VALLEY
FESTIVAL, LTD.,

Defendants - Appellees.

No. 10-55436

D.C. No. 5:08-cv-01785-VAP-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 7, 2011
Pasadena, California

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, District
Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Helen W. Gillmor, United States District Judge for the
District of Hawaii, sitting by designation.

Plaintiff-appellant Chris Kohler appeals the district court's grant of summary judgment in favor of defendant-appellees Southland Foods, Inc. ("Southland"), and Moreno Valley Festival, Inc., in Kohler's action for injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), and for additional relief under related state-law claims. When Southland closed the restaurant that was the subject of Kohler's ADA action, the district court correctly terminated the action. The order incorrectly, however, referred to a lack of standing. Kohler did not lack standing, because standing "turns on the facts as they existed at the time the plaintiff filed the complaint," and not on later developments. *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007).

We nevertheless must affirm the district court's grant of summary judgment to defendants, because Kohler's claims for prospective injunctive relief became moot once the restaurant ceased operation. There is no basis in the district court record for this court to rule that Kohler's dispute challenging the presence of access barriers is capable of repetition but evading review, as he now argues. A challenged action evades review only "if it is 'almost certain to run its course before either this court or the Supreme Court can give the case full consideration.'" *American Civil Liberties Union of Nevada v. Lomax*, 471 F.3d 1010, 1017 (9th Cir.

2

2006) (citation omitted). That is not the case with respect to the operation of a restaurant.

Kohler maintains that his claim under California's Unruh Civil Rights Act, Cal. Civ. Code § 51, is sufficient to sustain federal court jurisdiction even though his ADA claim is moot. He argues that state-law claim "arises under" federal law because the Unruh Civil Rights Act incorporates an ADA violation as an element. We have rejected this position. *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002). The Supreme Court's intervening decision in *Grable & Sons Metal Prod., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), does not affect the applicability of the principle we recognized in *Wander*, and that the Supreme Court earlier established in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).

Given the absence of any available relief under federal law, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Kohler's state-law claims. 28 U.S.C. § 1367(c)(3); *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1008 (9th Cir. 2010).

**AFFIRMED**.