**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES CONSTANT, | No. 22-55097 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-08608-JFW-KES |
| v. | |
| SCHORR LAW, A Professional Corporation which acts as an Officer of the Court, a Public Entity, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 8, 2022**

Before:     WALLACE, TALLMAN, and BYBEE, Circuit Judges.

James Constant appeals pro se from the district court's judgment dismissing

sua sponte his action arising out of a contract with a law firm. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for lack of subject matter jurisdiction. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). We affirm.

The district court properly dismissed without prejudice Constant's action for lack of subject matter jurisdiction because Constant failed to allege any violation of federal law or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332(a); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-83 (9th Cir. 2004) (addressing diversity of citizenship under § 1332); *Wander v. Kaus*, 304 F.3d 856, 858-59 (9th Cir. 2002) (discussing requirements for federal question jurisdiction under § 1331); *see also Polk County v. Dodson*, 454 U.S. 312, 317-20 & n.9 (1981) (explaining that a private attorney or public defender does not act under color of state law within the meaning of 42 U.S.C. § 1983 and is not a government official).

The district court did not abuse its discretion by dismissing Constant's action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**